**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL ACTION 19-00080-KD-N** |
| | ) | |
| **TARAS HODIVSKY, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO SUPPRESS (DOC. 37)**

This matter is before the Court on Defendant Taras Hodivsky, Jr.'s motion to suppress and the Government's response in opposition. After a careful review of the briefs, and with the benefit of a hearing on the motion, the Hodivsky's motion to suppress (Doc. 37) is **DENIED** for reasons stated on the record at the end of the hearing. Below, the Court provides a written summary of the ruling.

## I.    BACKGROUND

A superseding indictment was filed against Hodivsky charging him with three counts: the making, printing, and publishing of notices and advertisements seeking or offering to receive child pornography in violation of 18 U.S.C. § 2251(d) (Count 1); distribution and attempted distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b) (Count 2); and the possession of material which contains an image of child pornography that had been shipped or transported using any means and facility of interstate and foreign commerce and was produced using materials that had affected interstate and foreign commerce in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). (Doc. 23). Hodivsky entered a plea of not guilty. (Doc. 28).

Hodivsky has moved to suppress evidence discovered as a result of a search of his cell phone, a Galaxy S9. (Doc. 37). Two warrants were applied for and issued in connection with the

cell phone. The first application is dated January 22, 2019. (Suppression Hearing, Defendant's Exhibit 1). It applied for a search warrant to seize "digital devices such as phones, computers, digital storage devices, such as sd cards or micro sd cards that could contain pornographic images . . . ." Baldwin County District Judge William E. Scully, Jr. signed and issued this warrant to search specified property of Taras Hodivsky, Jr. for, among other items, the cell phone. The second warrant was dated January 30, 2019. (Suppression Hearing, Def.'s Ex. 3). In the second application, Detective John Gleaton of the Summerdale Police Department applied for a warrant to search "[t]he cell phone of Taras Hodivsky[,] Jr. containing stored electronic data . . . ." (Def.'s Ex. 3 at 1). This warrant was also issued by Judge Scully.

The basis for the search and seizure of the cell phone derived from statements the alleged minor victim provided during the course of a forensic interview conducted on or about January 17, 2019. During the course of the forensic interview, according to Gleaton, the alleged victim relayed that during or around the time when Hodivsky would allegedly make sexual contact with her, Hodivsky would show her pornographic images or videos on his cell phone. In the second warrant application, Gleaton relayed that the alleged victim described "being shown pornographic pictures or movies depicting sexual acts on [Hodivsky's] phone." (Ex. 1 at 2). And the affidavit Gleaton submitted in support of his application for the second warrant relayed that "the [alleged] victim told of pornographic images or video shown to her by the defendant on his cell phone. These images[,] if displayed on an electronic device[,] would likely still be present on the device." (Ex. 3 at 2).

## II.    OVERVIEW OF THE ARGUMENTS

Hodivksy has moved to suppress the evidence discovered during law enforcement's search of the phone on several bases. He argues that (1) the search warrant failed to establish probable

cause because it did not provide a nexus (i.e., a link) between the elements of the offenses listed on the warrant applications and the data located on the cell phone; (2) the search warrant is overbroad (not sufficiently particular) because it permitted a search of the entire cell phone; and (3) law enforcement exceeded the search warrant's scope by going beyond what was "actually stored" on the phone, (Doc. 37 at 13), to search the contents of a third-party application—the MEGA App.

The Government disagrees with each of Hodivsky's arguments. And, in any event, it argues (persuasively) that even if Hodivksy successfully challenged the warrant's probable cause, the good faith exception established in United States v. Leon, 468 U.S. 897 (1984), would not require the evidence to be suppressed.

## III. ANALYSIS

### a. The nexus requirement is satisfied.

Hodvisky contends the warrant was not supported by probable cause because it failed to establish a nexus between his cell phone and the elements of the crimes listed in the search warrant's application. The application for both warrants listed only two offenses: First Degree Rape, in contravention of Alabama Code 13A-6-61, and Sexual Abuse of a Child Less Than 12 Years Old, in violation of Alabama Code 13A-6-69.1. Hodivsky maintains that since showing pornographic images and videos to a minor does not support an element of either crime, the requisite nexus was not established. (Doc. 37 at 7–8).

The Court is unpersuaded. "A sufficient basis for probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Noriega, 676 F.3d 1252, 1261 (11th Cir. 2012) (quoting United States v. Lopez, 649 F.3d 1222, 1245 (11th Cir. 2011)). The Fourth

Amendment also requires "a nexus between the item to be seized . . . and criminal behavior." Warden v. Hayden, 387 U .S. 294, 307 (1967); see also United States v. Payne, 341 F.3d 393, 400 (5th Cir. 2003) ("Facts in the affidavit must establish a nexus between the house [or item] to be searched and the evidence sought."). To establish a nexus in cases where the evidence sought is not contraband or a fruit or instrumentality of a crime, an affidavit or application must demonstrate that "the evidence sought will aid in a particular apprehension or conviction." Id.

The alleged child victim stated that Hodivksy showed her photos and videos on his phone and, based on the child's description, the officers believed that the photos were of children engaged in sexual activity. Accordingly, evidence of child pornography on the Hodivsky's phone would corroborate the child's statement of how the abuse occurred. Moreover, it is evidence of a defendant's effort to "groom" the child so that the abuse could occur with less resistance. Thus, the pornography was evidence of the crime of child abuse, as it is alleged to have occurred in this case.

Hodivsky relies heavily on two non-binding cases for support: United States v. Golden and United States v. Oglesby. Both are distinguishable. In Oglesby, the search warrant affidavit failed to contain any connection to the alleged crime of vehicle burglary and the cell phone for which a warrant was issued. Indeed, the Oglesby court observed that "[n]othing about vehicle burglary is 'sufficiently linked' to the various categories of data described in the warrant. Certainly, no connection is explicated in the affidavit or the warrant. The conduct described in the affidavit does not inherently implicate the use of a cell phone." 2019 WL 1877228, at *9 (S.D. Tex. Apr. 26, 2019). The statements the affiant made in support of the search warrant in Oglesby boiled down to the following: the affiant believed evidence of the vehicle burglary would be located on the phone because lots of people use cell phones and it is common for criminal suspects to

communicate regarding their criminal acts. The <u>Oglesby</u> court suppressed the contents discovered from the phone's search, holding that the "affidavit's generalizations about cell phone use [did not] even name the offense being investigated—much less provide any kind of connection between that specific offense and the use of a cell phone." <u>Oglesby</u>, 2019 WL 1877228, at *5. The same cannot be said for the search warrant application challenged in this case. Here, the search warrant affidavit linked Hodivsky's cell phone with the crimes alleged by explicitly relaying the alleged victim's interview statement that Hodivsky showed her pornographic material around the same time he sexually abused her. If pornographic material was uncovered during a search of the phone, the evidence would corroborate the minor's statements and thus crucial facts supporting the alleged abuse of the alleged victim.

Hodivsky relies on <u>Golden</u> for the proposition that the link or nexus must specifically relate to elements of the crimes listed in the warrant application. <u>See</u> (Doc. 37 at 6 (citing <u>United States v. Golden</u>, 2012 WL 4936515, at *3–4 (M.D. Ala. June 21, 2012), <u>report and recommendation adopted</u>, 2012 WL 4936512 (M.D. Ala. Oct. 17, 2012), <u>aff'd</u>, 545 Fed. App'x 920 (11th Cir. 2013))). That is, however, not the rule. Instead, the rule is that "valid warrants may be issued to search any property . . . at which there is probable cause to believe that fruits, instrumentalities, or evidence of a crime will be found." <u>Zurcher v. Stanford Daily</u>, 436 U.S. 547, 554 (1978) (emphasis omitted). Although pornography on Hodivsky's phone could not necessarily be categorized as a fruit or instrumentality of the two crimes listed (assuming it was not child pornography), it *would be* evidence of the crimes listed because its existence corroborates the alleged victim's statement that he showed her pornographic material prior to subjecting her to sexual activity.

**b. The warrant was not overbroad[1] and law enforcement did not exceed the search warrant's scope by searching the MEGA App.**

Hodivsky also argues that, even assuming probable cause supported the warrant, the warrant was overbroad because it did not limit the areas of the phone to be searched. However, as explained at the hearing, the images and videos that were allegedly shown the minor could possibly be found in all areas of the phone's stored memory, e.g. emails, apps, photos, and texts. Accordingly, the warrant was not deficient for failing to specify which areas of the phone could be searched.

In the alternative, Hodivsky argues that law enforcement exceeded its scope by searching the MEGA App. He argues the search warrant authorized a search of photographs and videos "actually stored" on the phone, (Doc. 37 at 13), but not third-party applications or cloud-based storage.

The search warrant allowed law enforcement to search for images and videos of pornography stored on the cell phone. Credible testimony at the hearing established that images and videos can be found at many locations in a cell phone, including in the MEGA App. In this case, once the phone was seized, airplane mode was activated. This activation prevented the transmission and receipt of live data. In other words, the data searched on the phone was only the data that was stored on the device, not data stored in the cloud or elsewhere. Accordingly, law

---

[1] During the motion hearing, Hodivsky also argued that the second warrant application failed to specify the time frame during which Hodivsky allegedly showed the alleged victim the pornography or when the videos and images were taken. Although Hodivsky argued that this shows a lack of particularity in the search warrant, the Court understands it as a staleness argument. That is, the affidavit failed to specify when Hodivsky allegedly showed the images to the alleged minor victim. Therefore, there was no basis (i.e., probable cause) to believe that images could still be located on the phone. As the Court noted at the hearing, a time frame in the second warrant application should have been included. However, considering the fact that people routinely store images on their phones for long periods of time, and that the alleged victim was only six years old, it could easily be inferred that the images would continue to be on the phone. And while not repeated in the second warrant application, Judge Scully was informed in the first warrant application that the contact the child had with Hodivsky had occurred during the previous school year. (Def.'s Ex. 1 at 2).

enforcement did not exceed the search warrant's scope when they searched the MEGA App for images and videos stored therein.  Moreover, prior to searching the MEGA App, officers had found child pornography in other parts of the phone with a file path description of MEGA.  This reasonably led the officers to believe that images and videos could be also be found in the MEGA App.

The fact that law enforcement found additional evidence, i.e., chats and links, when searching for the images does not provide a basis for suppressing the chats and link evidence. It is akin to being lawfully in a room searching a drawer for the gun used in a murder and finding bloody clothes.  Law enforcement could seize the bloody clothes just as they seized the chats and links in this case. This is because "[e]vidence not described in a valid search warrant but having a nexus with the crime under investigation may be seized at the same time the described evidence is seized." United States v. Kane, 450 F.2d 77, 85 (5th Cir. 1971)[2]; see also Garland v. Maggio, 717 F.2d 199, 206 (5th Cir. 1983) ("[P]roperty which has a sufficient nexus to the crime being investigated may be seized at the time officers are properly executing a warrant authorizing a search for other items.").

The stored electronic data in the MEGA App consisted of links and passwords. The passwords and links connected to images, videos, and locations where images and videos were located. But the links and passwords still constituted electronic data. And therefore, the search did not exceed the search warrant's scope.

    **c.  Even if the warrant lacked probable cause or was overbroad, Leon's good faith exception applies.**

The Eleventh Circuit has observed that:

---

[2] Decisions the former Fifth Circuit handed down before October 1, 1981 are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

> United States v. Leon, 468 U.S. 897, 922, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause. The Leon good faith exception applies in all but four limited sets of circumstances. Id. at 923, 104 S. Ct. 3405. The four sets of circumstances are as follows: (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "where the issuing magistrate wholly abandoned his judicial role in the manner condemned in" Lo–Ji Sales, Inc. v. New York, 442 U.S. 319, 99 S. Ct. 2319, 60 L. Ed. 2d 920 (1979); (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient— i.e., in failing to particularize the place to be searched or the things to be seized— that the executing officers cannot reasonably presume it to be valid." Id. (internal quotation marks omitted).

United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002). The good faith exception also applies "to a search conducted pursuant to an overly broad warrant." United States v. Travers, 233 F.3d 1327, 1330 (11th Cir. 2000).

Based on the facts and circumstances of this case, the Court cannot conclude that any of the four recognized exceptions to Leon apply in this case. Specifically addressing Hodivsky's arguments to the contrary, it cannot be said that the affidavit supporting the search warrant so lacked in indicia of probable cause that it rendered official belief in its existence unreasonable. Neither was the warrant itself so unparticularized that the executing officers could not reasonably presume that it was valid. Accordingly, even if probable cause did not support the warrant and even if the warrant was overbroad, the good faith exception applies.

IV.    **CONCLUSION**

For all of the foregoing reasons, Hodivsky's motion to suppress is **DENIED**.

**DONE** and the 21st day of June 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**