# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 19-00080-KD |
| ) | |
| TARAS HODIVSKY, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the "Motion to Allow Petitioner's Counsel of Record to Withdraw" filed by Defendant Taras Hodivsky, Jr. and Hodivsky's retained attorneys' motions to withdraw (docs. 76, 81, 85 (renewed motion)). Hodivsky moves the Court to allow his attorneys to withdraw on basis that "counsel has been ineffective in failing to file a timely notice of appeal" and "refused to answer any of his questions in regard to the appellate process after sentencing" (doc 76, p. 2). The attorneys move to withdraw on basis that they were retained solely for trial and not to represent Hodivsky on appeal (docs.74, 76, 85).

Upon consideration, Hodivsky's motion to allow counsel to withdraw (doc. 81) is GRANTED, retained counsel D. Robert Stankoski, Jr.'s renewed motion to withdraw (doc. 85) is GRANTED, and retained counsel Michael A. Pylant's motion to withdraw (doc. 76) is GRANTED.

Hodivsky also asks the Court to allow him to proceed pro se on appeal (doc. 81, p. 2). The Court of Appeals for the Eleventh Circuit has explained that "the right to counsel [on direct appeal in a criminal action] is in force until waived, however, the right of self-representation does not attach until asserted. In order for a defendant to represent himself, he must knowingly and intelligently forego counsel, and the request must be clear and unequivocal." United States v. Hammonds, 782 Fed. Appx. 899, 901 (11th Cir. 2019) (quoting Gill v. Mecusker, 633 F.3d 1272, 1294 (11th Cir. 2011) (internal quotation marks omitted) (bracketed text added).

The attorneys admit that they did not consult with Hodivsky after sentencing and file either a Notice of Appeal or a Statement of Non-Appeal as required by S.D. Ala. Crim. L.R. 44(a) (docs. 85, 86). This fact, combined with Hodivsky's statement that his attorneys have "refused to answer any of his questions in regard to the appellate process after sentencing", indicates that Hodivsky may not have been informed of his right to counsel on appeal. See S.D. Ala. Crim. L.R. 44(a). Additionally, Hodivsky asks the Court to allow him to proceed pro se "for the time being" (doc. 81, p. 2), which makes it unclear whether he intends to represent himself during the entire appellate process.

In view of the above, Hodivsky should notify the Court on or before **January 17, 2020,** if he intends waive his right to counsel on direct appeal and assert his right of self-representation. If he intends to request appointed counsel on appeal, he should file, on or before **January 17, 2020**, a Motion for Appointment of Counsel and a Financial Affidavit (see attached) for the Court's consideration. Hodivsky is reminded that he must comply with the Federal Rules of Appellate Procedure, the Rules of the Court of Appeals for the Eleventh Circuit, and the requirements set forth in any communications from the Eleventh Circuit.

The Clerk is directed to mail a copy of this Order and the Financial Affidavit (Criminal Justice Act Form 23) to Hodivsky at:

> Taras Hodivsky, Jr.
> Reg. No. 08493-003
> FCI-Talladega
> Federal Correctional Institution
> P.M.B. 1000
> Talladega, Alabama 35160

DONE and ORDERED this 2nd day of January 2020.

> /s / Kristi K. DuBose
> KRISTI K. DuBOSE
> CHIEF UNITED STATES DISTRICT JUDGE