# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 19-00080-KD |
| | ) |
| TARAS HODIVSKY, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the request to proceed *pro se* on direct appeal, motion for leave to appeal *in forma pauperis* with affidavits, and motion to request transcripts pursuant to 28 U.S.C. 753(f) filed by defendant Taras Hodivsky, Jr. (docs. 92, 91, 93).

I. Request to proceed *pro se* on direct appeal (doc. 92).

Hodivsky pled guilty to child pornography offenses in violation of 18 U.S.C. § 2251 and § 2252A. He was sentenced to thirty years as to each conviction, to be served concurrently (doc. 72). Hodivsky was represented by retained counsel. He filed a *pro se* notice of appeal and his retained attorneys moved to withdraw. Their motions were granted (doc. 88).

Hodivsky now moves the Court to allow him to proceed *pro se* on direct appeal (doc. 92). He states that he is "requesting this honorable court to allow him to prosecute his direct appeal *pro se*, without the assistance of counsel" and that "this request is intelligently and knowingly made …." (doc. 92). He further states that he will abide by the Rules of Appellate Procedure and is "mindful of the dangers and disadvantages of self-representation" Id. (citing McKaskle v. Wiggins, 465 U.S. 168 (1984) and Faretta v. California, 422 U.S. 806 (1975)).

The Due Process Clause of the Fifth Amendment guarantees Hodivsky effective assistance of counsel on his direct appeal as of right. Evitts v. Lucy, 469 U.S. 387, 105 S. Ct. 830 (1985). However, as a convicted defendant, he does not have a constitutional right to self-

representation on appeal. Martinez v. Court of Appeals California, 528 U.S. 152, 120 S. Ct. 684 (2000).  In United States v. Hammonds, 782 Fed. Appx. 899 (11th Cir. 2019), the Court of Appeals for the Eleventh Circuit offered the following guidance for deciding whether a convicted defendant should be allowed to proceed pro se on appeal: "While the right to counsel is in force until waived, however, the right of self-representation does not attach until asserted. In order for a defendant to represent himself, he must knowingly and intelligently forego counsel, and the request must be clear and unequivocal." Id. at 901 (internal quotation marks omitted) (quoting Gill v. Mecusker, 633 F.3d 1272, 1294 (11th Cir. 2011)).

Assuming for purposes of the request for self-representation on appeal, that Hodivsky could have knowingly and intelligently waived his due process right to counsel on direct appeal, the information before the Court does not indicate that Hodivsky has any knowledge, education, training or practical experience in legal matters, especially regarding appeals.  In this case, the interests in the fair and efficient administration of justice outweigh Hodivsky's interests in self-representation. See Martinez, 528 U.S. at 163 ("Considering the change in position from defendant to appellant, the autonomy interests that survive a felony conviction are less compelling than those motivating the decision in Faretta. Yet the overriding state interest in the fair and efficient administration of justice remains as strong as at the trial level. Thus, the States are clearly within their discretion to conclude that the government's interests outweigh an invasion of the appellant's interest in self-representation."); United States v. Cladek, 2013 WL 1437620 (M.D. Fla. 2013) ("To the extent that the Court has discretion to allow Defendant Cladek to represent herself on appeal, the Court has considered the relevant facts and finds self-representation is not appropriate in the appeal of this case. …although the Court might find Ms. Cladek to be an intelligent individual, based on the college degrees she has obtained, there is a

clear lack of any training or practical experience in matters of the law."). Therefore, Hodivsky's motion to proceed *pro se* on appeal is DENIED.

    II.    <u>Appointment of counsel on direct appeal</u>

Criminal appeals are governed by the Criminal Justice Act, which states that defendants shall be provided counsel if they are "financially unable to obtain" counsel. 18 U.S.C. § 3006A(a)-(b). Hodivsky has filed affidavits in support of his motion to proceed *in forma pauperis* on appeal. The affidavits show that he has limited funds in his prison account from family gifts, but no income and no assets but for some potential equity in his residence. Appointment of counsel under the CJA does not require a showing of indigency, but instead only that the defendant is financially unable to afford representation. Additionally, the Court need not consider whether Hodivsky's appeal is frivolous, for purposes of appointment of counsel on direct appeal. See <u>Smith v. Robbins</u>, 528 U.S. 259, 278 n.10, 120 S. Ct. 746 (2000) ("Although an indigent whose appeal is frivolous has no right to have an advocate make his case to the appellate court, such an indigent does, in all cases, have the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments.") (citing <u>Anders v. California</u>, 386 U.S. 738, 741–743, 87 S. Ct. 1396 (1967)). Accordingly, pursuant to 18 U.S.C. § 3006A, William Bradford, a member of the Criminal Justice Act Panel of Appellate Attorneys is appointed to represent Hodivsky on appeal.

    III.    <u>Motion for transcripts pursuant to 28 U.S.C. § 753(f) (doc. 93)</u>

Hodivsky seeks transcripts from his arraignment, suppression hearing, and sentencing. Since he now has appointed counsel pursuant to the Criminal Justice Act, the "[f]ees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice

Act (18 U.S.C. 3006A) . . . shall be paid by the United States out of moneys appropriated for those purposes." 28 U.S.C. § 753(f). Accordingly, his motion is moot.

    IV.    <u>Motion for leave to appeal in forma pauperis (doc. 91)</u>

Hodivsky has filed a motion to proceed *in forma pauperis* on appeal. However, he now has counsel appointed pursuant to the CJA. Therefore, he need not obtain leave to appeal *in forma pauperis* under 28 U.S.C. § 1915 or comply with Fed. R. App. P. 24. <u>See</u> 18 U.S.C. § 3006A(d)("(7) Proceedings before appellate courts.--If a person for whom counsel is appointed under this section appeals to an appellate court . . . he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28."); Fed. R. App. P. 24-1(b) ("If counsel was appointed for a party in the district court under the Criminal Justice Act, the party may appeal without prepaying costs and without establishing the right to proceed in forma pauperis. This policy also applies to all in forma pauperis appeals from judgments of conviction."). Accordingly, the motion is moot.

The Clerk is directed to mail a copy of this Order to Hodivsky at:

Taras Hodivsky, Jr.
Reg. No. 08493-003
FCI-Talladega
Federal Correctional Institution
P.M.B. 1000
Talladega, Alabama 35160


DONE and ORDERED this 21st day of February 2020.


                        /s / Kristi K. DuBose
                        KRISTI K. DuBOSE
                        CHIEF UNITED STATES DISTRICT JUDGE