IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 19-00080-KD-B |
| | ) |
| TARAS HODIVSKY, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Taras Hodivsky, Jr.'s notice of appeal,[1] request for appointment of counsel on appeal, and request to appeal *in forma pauperis* (doc. 108). Hodivsky appeals the denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 104). Upon consideration, and for the reasons set forth herein, his requests are DENIED.

A. Background

Hodivsky pled guilty and was convicted of advertising of child pornography and possession of child pornography (doc. 101). He was sentenced to 360 months as to each count, to serve concurrently. Hodivsky appealed his conviction and sentence. The United States moved to dismiss the appeal pursuant to the appeal waiver in Hodivsky's plea agreement. The Court of Appeals for the Eleventh Circuit granted the motion to dismiss (doc. 102, doc. 103, mandate).

Hodivsky filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 104). As grounds, he argued he is the sole caregiver for his elderly parents and should be released to care for them. The Court denied his motion upon finding that Hodivsky was a "danger

---

[1] Hodivsky's notice of appeal appears to be timely. The order from which he appeal was entered April 15, 2021 (doc. 104). His notice is dated April 19, 2021 and stamped "received" April 27, 2021 by "FCI TDG" (doc. 108, p. 2). "Absent evidence to the contrary" the courts "presume that a movant delivered his motion to prison authorities on the date he signed it." Burke v. United States, 762 Fed. Appx. 808, 809–10 (11th Cir. 2019). Arguably, the date stamp is evidence to the contrary. Therefore, his notice is deemed filed April 27, 2021, within the fourteen-day period. Fed. R. App. P. 4(b)(1)(A).

to the community and particularly children" (doc. 107 p. 4).  Hodivsky has now filed a notice of appeal and request for appointment of counsel on appeal (doc. 108).  Since Hodivsky did not pay the appellate filing fee, the Court construes his notice of appeal as a request to appeal *in forma pauperis*.

  B. Appointment of counsel on appeal

  The decision whether to appoint counsel on appeal of the denial of a § 3582(c)(1) motion is discretionary. See United States v. Cuya, - - - Fed. Appx. - - -, 2021 WL 1955860 (11th Cir. May 17, 2021) (citing United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009)).[2]  However, Hodivsky simply asks for appointment of counsel on appeal (doc. 108). He failed to set forth the grounds for appeal or any reason why the Court should exercise its discretion to appoint counsel. Accordingly, Hodivsky's motion is denied

  C. Request to proceed *in forma pauperis* on appeal.

  Title 28 U.S.C. § 1915 authorizes any court of the United States to allow indigent criminal defendants to appeal without prepayment of costs. See Coppedge v. United States, 369 U.S. 438, 441 (1962).  An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith is shown by "seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers National Bank, 271 Fed. Appx. 858, 859-860 (11th Cir. 2008) (per curiam) (unpublished) (citing Coppedge v. United States, 369 U.S. at 445, 82 S. Ct. at 921). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" Id at 859 (quoting Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993)). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" Id. at 859-860 (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  Also, the appellant "must attach an

---

[2] In Webb, the Eleventh Circuit found that defendants do not have a statutory right under 18 U.S.C. § 3006A or a constitutional right to counsel for a § 3582(c)(2) motion. 565 F.3d at 794-95.

Case 1:19-cr-00080-KD-B   Document 113   Filed 06/03/21   Page 3 of 3    PageID #: 682

affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Hodivsky did not provide the Court with any information as to his financial status. However, he was previously found to be financially unable to obtain counsel on direct appeal and the Court appointed appellate counsel for that purpose (doc. 95). Hodivsky had filed affidavits in support of his motion to proceed *in forma pauperis* on direct appeal (doc. 91). The affidavits showed that he had limited funds in his prison account from family gifts, but no income and no assets but for some potential equity in his residence. The Court has no reason to believe that Hodivsky's financial condition has substantially changed during the past year of his incarceration. Therefore, he may qualify financially for appointment of counsel. See also Fed. R. App. P. 24(a)(3).

However, Hodivsky did not state the issues or arguments that he intends to present on appeal. Instead, he simply states that he "would like to file a notice of appeal to the Eleventh Circuit Court of Appeals" (doc. 108). Therefore, the Court cannot ascertain whether Hodivsky has a nonfrivolous issue for review on appeal and cannot certify that his appeal is taken in good faith. Accordingly, his motion to proceed *in forma pauperis* on appeal is denied.

**DONE** and **ORDERED** this 3rd day of June 2021.

                                          s / Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**