# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TARAS HODIVSKY, JR., )<br>   Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>   Respondent. ) | CIVIL NO. 1-21-00529-KD-N<br>CRIMINAL NO. 1-19-00080-KD-N |

### UNITED STATES' RESPONSE TO HODIVSKY'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, submits this response to Taras Hodivsky Junior's *pro se* motion to vacate, set aside, or correct sentence, filed under 28 U.S.C. § 2255. [Doc. 117]. This Court should deny the motion for the reasons that follow.

**I.  Background and Procedural History**

In 2019, Hodivsky pleaded guilty pursuant to a written plea agreement to advertising of child pornography, in violation of 18 U.S.C. § 2251(d) (Count One); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three). [Docs. 59, 60, 61 (text only order), 63]. Both counts were charged in a superseding indictment. [Doc. 23]. After considering the presentence investigation report, the district court accepted the guilty plea, adjudicated Hodivsky guilty, and imposed concurrent terms of imprisonment of 30 years, followed by concurrent terms of supervised release of fifteen years. [Docs. 65, 68, 100 at 2, 101]. On September 4, 2020, the Court of Appeals for the Eleventh Circuit dismissed Hodivsky's direct appeal

based on the appeal waiver contained in his plea agreement. *See United States v. Hodivsky*, 819 F. App'x 898 (11th Cir. 2020).

On December 15, 2020, Hodivsky filed a motion for compassionate release under 18 U.S.C. § 3582(c) on the basis that he was the sole caregiver for his elderly parents whose conditions had worsened since his incarceration. [Doc. 104]. The district court denied the motion on April 15, 2021. [Doc. 107]. The Eleventh Circuit affirmed the judgment. *See United States v. Hodivsky*, No. 21-11524, 2022 WL 783928 (11th Cir. Mar. 15, 2022).

### A.  Hodivsky's 28 U.S.C. § 2255 Motion

Hodivsky's present motion and memorandum of law challenges the adequacy of defense counsels' representation of him during the original criminal proceedings. [Doc. 117]. Hodivsky was represented by two attorneys: Daniel Stankoski, Jr. and Michael Pylant. [Docs. 12, 20]. However, his motion solely challenges Stankoski's representation of him. *First*, Hodivsky contends that trial counsel incorrectly advised him "on more than one occasion" that he could appeal the denial of the motion to suppress despite pleading guilty pursuant to a written plea agreement. [Doc. 117 at 4; 117-3 at 55-6]. He claims that because of counsel's misadvice, he could not raise the suppression issue on direct appeal. [Doc. 117-3 at 6]. Relatedly, Hodivsky argues that neither the plea agreement nor the district court specifically addressed the waiver of the right to appeal the court's suppression ruling. [*Id.*].

*Second*, Hodivsky challenges the voluntariness of his waiver of rights. [Doc. 117 at 5; 117-3 at 6-8]. He claims he waived his right to a jury trial unaware that he would have received the same 30-year sentence had proceeded to trial. [Doc. 117-3 at 6]. He

2

avers that, with the proper advice of counsel, he would have insisted on a trial where his presentation of certain issues[1] could have changed the outcome of his case. [Id. at 6-7].

*Third*, Hodivsky claims that trial counsel performed deficiently by failing to object to Count One of the superseding indictment because it lacked a factual basis. [Doc. 117 at 7; 117-3 at 8-9]. He argues that although he was charged with posting an advertisement and notice for child pornography, the government failed to put forth facts to that effect when recounting the factual basis. [Doc. 117-3 at 8-9].

*Fourth*, Hodivsky claims that trial counsel improperly advised him to waive a conflict of interest rather than recusing himself from the case. [Doc. 117 at 8; 117-3 at 9-12]. Hodivsky asserts that Stankoski was a Summerdale, Alabama municipal judge when the Summerdale Police Department began investigating Hodivsky. [Doc. 117-3 at 9]. Hodivsky contends that recusal was appropriate because the investigation that led to the federal charges, in this case, originated in Summerdale. [*Id.* at 9-10]. Alternatively, he asserts that counsel should have "explained in detail the ramifications of waiving such an issue in open court." [*Id.* at 9]. Hodivsky generally asserts prejudice from counsel's conduct. [*Id.* at 12].

Hodivsky filed an affidavit in support of his motion. [Doc. 117-2]. He avers that (1) trial counsel advised him he could appeal the denial of the motion to suppress even if he pleaded guilty; (2) he would have insisted on a trial had counsel explained he would be subject to the same 30-year sentence if convicted of Count One at trial; (3) counsel

---

[1] Challenging the sufficiency of the evidence as to the advertising of child pornography and presenting expert testimony that another person could have accessed the MEGA app using his information. [Doc. 117-3 at 7].

3

failed to fully explain "the ramifications of the 'conflict of interest' claim;" and (4) he instructed counsel to object to Count One at the sentencing hearing because his conduct did not constitute "advertising." [*Id.*].

Hodivsky seeks an evidentiary hearing to resolve the factual issues raised by his allegations. [Doc. 117 at 13; 117-3 at 5, 8, 12].

## II.  Applicable Legal Principles

### A.  Generally

Collateral review "is an extraordinary remedy" that is not a substitute for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). After direct appeal, "a presumption of finality and legality attaches to the conviction and sentence." *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993). Courts are then "entitled to presume" the defendant's sentence is lawful. *United States v. Frady*, 456 U.S. 152, 164 (1982). The burden of proof on collateral review is, therefore, on the prisoner to show that he or she is entitled to relief. *Hawk v. Olson*, 326 U.S. 271, 279 (1945).

Section 2255 of Title 28 permits a federal prisoner to seek collateral relief where (1) the sentence violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To be entitled to an evidentiary hearing, a § 2255 petitioner must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002). A court need not conduct a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, a court should summarily

4

deny the motion "when the petitioner's allegations are affirmatively contradicted by the record or if such claims are patently frivolous[.]" *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Further, a hearing is unnecessary when the motion is "based upon unsupported generalizations." *United States v. Guerra*, 588 F.2d 519, 520–21 (5th Cir. 1979).[2] Indeed, where a defendant's motion contains only "conclusory allegations unsupported by specifics," this Court may deny it without further proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

### B.   Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the standard for assessing ineffective assistance of counsel claims. Under that standard, a defendant must show that counsel's performance was deficient in that it fell "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The defendant must also show prejudice, or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks and citation omitted). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

The *Strickland* standard is both "rigorous" and "highly demanding," and requires a showing of "gross incompetence" on counsel's part. *Kimmelman v. Morrison*, 477 U.S.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

365, 381-82 (1986). The reasonableness of counsel's conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. In evaluating counsel's performance, a court must avoid "the distorting effects of hindsight[.]" *Downs v. Sec'y, Florida Dept. of Corr.*, 738 F.3d 240, 263 (11th Cir. 2013).

The burden of persuasion is on the petitioner to prove both *Strickland* prongs by a preponderance of the competent evidence. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*); *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000). A court should dismiss an ineffective assistance claim if a defendant fails to establish either deficient performance or prejudice. *Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

The Supreme Court has held that "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Therefore, *Strickland's* two-part analysis applies equally in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The deficient performance component in the plea context is largely the same. *Lockhart*, 474 U.S. at 58. To show prejudice, however, a defendant must demonstrate a reasonable probability that he or she would not have pleaded guilty and would have insisted on a trial but for counsel's deficient performance. *Id.* at 59.

### C. Other Applicable Principles

*Waiver.* A valid guilty plea waives all nonjurisdictional challenges to the constitutionality of a conviction, including the sufficiency of the government's

evidence. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). That is because a guilty plea necessarily "admits all the elements of the formal criminal charge." *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986). On a § 2255 motion, then, a defendant may challenge only the voluntary and knowing nature of the plea. *Lockhart*, 474 U.S. at 56-57; *United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020); *Wilson*, 962 F.2d at 997. A defendant who wishes to plead guilty and also preserve appellate review of a nonjurisdictional defect can only do so by entering a conditional plea under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, which must be made in writing and with the consent of the United States. *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997).

A district court may summarily dismiss a claim of ineffective assistance that does not implicate a defendant's decision to plead guilty. *Wilson*, 962 F.2d at 997 (affirming the district court's summary dismissal of a claim that involved "pre-plea issues" and was "not about [the defendant's decision to plead guilty"); *see also Canidate v. United States*, CR 1:16-00201-WS-N, 2021 WL 4025135, at *6 (S.D. Ala. Aug. 13, 2021), *report and recommendation adopted*, CR 1:16-00201-WS-N, 2021 WL 4005598 (S.D. Ala. Sept. 2, 2021) ("As such, Canidate waived any ineffective assistance of counsel claim challenging his trial counsel's pre-plea conduct.").

*Relitigation bar.* As a general rule, "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)). Rehearing of the same claim is

7

unwarranted even where a prisoner brings the claim "on a different, but previously available, legal theory." *Nyhuis*, 211 F.3d at 1343. A prisoner may overcome the bar on relitigation if the renewed claim is based on an intervening change in substantive law, such as a new decision that narrowly construes the statute of conviction. *See Davis v. United States*, 417 U.S. 333, 342 (1974); *Rozier v. United States*, 701 F.3d 681, 685 (11th Cir. 2012) (holding that an intervening change in the sentencing guidelines did not overcome the bar against relitigation).

### III.   Analysis

Hodivsky seeks an evidentiary hearing to resolve the factual issues presented in his four claims of ineffective assistance of trial counsel. A hearing is not warranted because Hodivsky failed to satisfy the *Strickland* standard. Simply put, Hodivsky has not demonstrated that trial counsel's performance was deficient or that he was prejudiced.

**A.   Hodivsky's allegation of prejudice is insufficient, and he was not prejudiced by counsel's alleged misadvice that he could appeal the denial of the motion to suppress.**

Hodivsky's initial bone of contention is with the advice trial counsel allegedly gave him regarding an appeal of the order denying the motion to suppress. Hodivsky claims that before he changed his plea to guilty and during plea bargaining, counsel told him he could appeal the district court's denial of the suppression motion. [Docs. 117 at 4; 117-2 at 1; 117-3 at 5-6]. He argues that his reliance on counsel's misadvice rendered his appeal waiver involuntary and unenforceable, and precluded him from challenging the suppression ruling on direct appeal. [Doc. 117-3 at 5-6].

8

Hodivsky appears to attempt to resurrect already rejected arguments under the guise of ineffective assistance. Despite the appeal waiver, Hodivsky argued on direct appeal that the seizure and search of his cell phone violated the Fourth Amendment because the search warrant was defective. [Exhibit A at 21-24].[3] He further alleged the appeal waiver did not bar his direct appeal because the waiver did not specifically exclude an appeal of the order denying the suppression motion and the district court did not specifically question Hodivsky about waiver the right to appeal that order during the plea colloquy. [*Id.* at 25-26]. The United States moved to dismiss the appeal on two grounds: (1) Hodivsky waived any issue pertaining to the suppression ruling by knowingly and voluntarily pleading guilty, and (2) Hodivsky expressly waived his right to appeal the denial of the motion via the appeal waiver. [Exhibit B]. Having considered these arguments, the Eleventh Circuit granted the United States' motion. [Doc. 102]. Hodivsky's motion is procedurally barred to the extent he attempts to revisit these issues. *Stoufflet*, 757 F.3d at 1239.

Further, Hodivsky's allegation of prejudice is insufficient and fatal to his claim of ineffective assistance. Hodivsky has not alleged, much less shown, that the outcome of the plea proceeding would have been different had counsel properly advised him of his appeal rights. *See Lockhart*, 474 U.S. at 59; *McKathan v. United States*, 969 F.3d 1213, 1223 (11th Cir. 2020). The change of plea process demonstrates that Hodivsky pleaded guilty knowing he could not appeal the district court's suppression ruling. The written plea agreement limited the range of issues Hodivsky could appeal to a sentence

---

[3] The page numbers referenced in the initial brief and the government's response are as generated by the court's electronic filing system.

9

exceeding the statutory maximum or that constituted an upward departure or variance. [Doc. 59 at 11-12]. The denial of the motion to suppress was not included among the exceptions to the appeal waiver. Hodivsky signed the plea agreement, thereby averring that he read and understood it, discussed it with counsel, and voluntarily agreed to it. [Doc. 59 at 13-14]. At the Rule 11 hearing, the district court specifically reviewed the limited appeal rights with Hodivsky, reiterating that he could only appeal an above-guidelines sentence or a sentence exceeding the statutory maximum. [Doc. 63 at 7]. Hodivsky, who was under oath, replied "Yes, ma'am" when asked if he understood the appeal waiver. [*Id*.]. The district court's colloquy with Hodivsky cured any alleged misadvice by counsel. *See United States v. Wilson*, 245 F. App'x 10, 12 (11th Cir. 2007) ("Thus, any failure on the part of Wilson's counsel to clearly explain the possible punishment was cured by the district court.").

Hodivsky has not satisfied *Strickland's* prejudice prong. Ground One should be denied without an evidentiary hearing.

### B. Hodivsky was not prejudiced by trial counsel's alleged failure to explain he faced the same sentence whether he pleaded guilty or was convicted at trial.

Next, Hodvisky asserts that trial counsel "advised him to plead guilty to a maximum sentence of 30 years" without explaining that the district court would have imposed the same sentence had a jury convicted him at trial. [Docs. 117 at 5; 117-2 at 1; 117-3 at 6-8]. Hodivsky contends he would have insisted on a trial instead of pleading guilty had he "been fully apprised of this fact[.]" [Doc. 117-2 at 1; 117-3 at 6].

10

Hodivsky cannot meet his burden of showing a reasonable probability that he would have chosen a trial but for counsel's error. *See Lockhart*, 474 U.S. at 59. Hodivsky's motion places great emphasis on the fact that by pleading guilty, he waived his right to a jury trial, including to challenge the sufficiency of the evidence and to present expert testimony. [Doc. 117-3 at 6-7]. But, as shown by the written plea agreement and the Rule 11 hearing transcript, Hodivsky pleaded guilty despite knowing that he waived these rights. [Docs. 59 at 11-12; 63 at 6-7]. The first page of the plea agreement expressly stated that Hodivsky waived rights including "a trial by an impartial jury" and "[t]o confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense[.]" [Doc. 59 at 1]. The district court reviewed the waiver of these rights in detail with Hodivsky. [Doc. 63 at 7-8]. Thus, his contention that these rights would have held greater significance had he known his sentencing exposure was 30 years if he had a trial is not credible. Also, assuming the district court would have imposed the same term of imprisonment further undercuts Hodivsky's claim of prejudice.

Hodivsky has again failed to establish prejudice. Count Two should be denied without an evidentiary hearing.

### C. Trial counsel was not ineffective for failing to object to the factual basis for the advertising of child pornography count.

Hodivsky alleges that trial counsel performed deficiently by failing to object to the factual basis for the advertising of child pornography charge during the Rule 11 hearing. [Doc. 117 at 7; 117-3 at 8-9]. He further contends he instructed counsel to object "during sentencing." [Doc. 117-2 at 2]. Hodivsky argues the factual basis was insufficient because the conduct described by the Assistant U.S. Attorney ("AUSA")

11

did not constitute "advertising." [Doc. 117-2 at 2; 117-3 at 9]. Hodivsky is wrong.[4]

A district court must find the existence of a factual basis for a plea before accepting it. Fed. R. Crim. P. 11(b)(3). "A 'factual basis for the plea' simply means that 'there must be evidence from which a court could reasonably find that the defendant was guilty,' and 'uncontroverted evidence of guilt' is not required." *United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014) (quoting *United States v. Owen*, 858 F.2d 1514, 1516-17 (11th Cir. 1988)).

The United States presented a sufficient factual basis from which the district court could reasonably find that Hodivsky advertised child pornography. Count One of the superseding indictment alleged that Hodivsky

> knowingly made, printed, published, and caused to be made, printed, and published, a notice and advertisement seeking and offering to receive, exchange, buy, produce, display, distribute, and reproduce a visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct and which the depiction was of such conduct, and the defendant knew and had reason to know that such notice and advertisement would be transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer.

[Doc. 23]. This allegation is consistent with Criminal Pattern Jury Instruction O82.1,

---

[4] To the extent Hodivsky attempts to raise an independent substantive challenge to the factual basis for his plea, he waived the claim. *See United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996). Further, it is procedurally defaulted because it was not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

which details the elements of the offense.

At the change of plea hearing, an AUSA said the government was prepared to prove that Hodivsky used the MEGA app to repeatedly communicate with other consumers of child pornography and to request and trade child pornography images and links. [Doc. 63 at 12]. The AUSA explained that

> [t]he MEGA app . . . requires users to communicate using the internet; therefore, the advertisement was transported using any means or facility of interstate or foreign commerce or in and affecting interstate commerce. The file paths for the images found on the phone indicate that the child pornography images were downloaded to the phone via the internet.

[*Id.*]. This oral representation mirrored the offense conduct detailed in the factual resume which Hodivsky signed and which was incorporated by reference into the plea agreement. [Docs. 59 at 3; 60 at 2-4]. Contrary to Hodivsky's contention, this evidence was sufficient to support his guilty plea. It described the publication of notices or advertisements (messages sent through the MEGA app using the internet) seeking or offering to exchange prohibited visual depictions of children.

Trial counsel was not ineffective for failing to object to the adequacy of the factual basis. Ground Three should be denied without an evidentiary hearing.

### D.   Hodivsky's claim is insufficient, and he knowingly and voluntarily waived any actual or perceived conflict of interest.

In his final claim, Hodivsky challenges trial counsel's conduct in the face of an alleged conflict of interest. He argues that Daniel Stankoski, Jr., who was a municipal judge in Summerdale, where the case originated, should have recused himself or, at a minimum, provided Hodivsky a detailed explanation of the ramifications of waiving the

13

conflict. [Doc. 117 at 8; 117-2 at 1; 117-3 at 9-12].

Hodivky's claim fails off the bat. His conclusory assertion of "prejudice" is insufficient to satisfy *Strickland's* second prong. [Doc. 117-3 at 12]. Accordingly, an evidentiary hearing on this claim is not warranted. *See Lockhart*, 474 U.S. at 60 (affirming the denial of an ineffective assistance claim where the petitioner failed to allege prejudice). Nor is Hodivsky entitled to relief on this claim.

Moreover, Hodivsky knowingly and voluntarily waived any conflict of interest. A defendant may waive a conflict of interest but must do so knowingly, intelligently, and voluntarily. *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006). The government must show the defendant knew of the existence of the conflict, recognized the significance of proceeding with defense counsel in light of the conflict, and knew of the right to obtain other counsel. *Id.*

The United States satisfied this burden here. At the start of the Rule 11 hearing, co-counsel Michael Pylant informed the district court that Stankoski was a judge in Summerdale when the Summerdale police began the criminal investigation that led to the present case. Pylant said the parties had agreed to "waive any perceived conflict that [situation] might create and waive any appellate remedy that Mr. Hodivsky might seek specific to that issue." [Doc. 63 at 3]. The AUSA advised the court she had spoken with Stankoski, who said he had researched the issue, that there was no conflict, and "that he had discussed the matter with Mr. Hodivsky and that Mr. Hodivsky waived any possible conflict." [*Id.*]. The court then addressed the issue with Hodivsky, who was under oath.

THE COURT: Okay. All right. Well, that's put on the record

14

>then.
>
>  Mr. Hodivsky, do you affirm that's correct?
>
>  THE DEFENDANT: Yes, ma'am.

[Doc. 63 at 3]. Hodivsky did not contest counsels' representations surrounding a conflict of interest. His "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Hodivsky waived any perceived conflict after discussing it with counsel.

Moreover, Hodivsky's claim is meritless. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel, which "includes having counsel whose work is not affected by a conflict of interest." *United States v. Williams*, 902 F.3d 1328, 1332 (11th Cir. 2018). It is well-established that a defense attorney has "an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980). "A defendant claiming that his counsel rendered ineffective assistance due to a conflict of interest must, except in rare cases, establish an 'actual conflict,' i.e., a 'conflict [that] adversely affected his counsel's performance." *Williams*, 902 F.3d at 1332 (quoting *Mickens v. Taylor*, 535 U.S. 162, 174 (2002)). Prejudice is presumed "where counsel is burdened by conflicting interests arising from multiple representation situations[.]" *Purvis v. Crosby*, 451 F.3d 734, 740 (11th Cir. 2006) (citing *Strickland*, 466 U.S. at 692). "If a defendant carries his burden of showing an actual conflict of interest, a court must then consider whether the conflict adversely affected his representation." *United States v. Novaton*, 271 F.3d 968, 1011 (11th Cir. 2001).

15

Here, Hodivsky has not met his burden of demonstrating that an actual conflict of interest existed when Stankoski represented him. Indeed, he affirmed the lack of a conflict when he agreed with the AUSA's statement that Stankoski had determined, based on his research, that there was no conflict. Absent a conflict, trial counsel was not ineffective for failing to recuse himself from the case. And the court, therefore, need not determine whether a conflict of interest adversely affected Hodivsky.

An evidentiary hearing on Ground Four is not warranted and Hodivsky is not entitled to relief.

## IV. Conclusion

Hodivsky has failed to meet his burden under *Strickland*. The United States respectfully requests that this Court deny Hodivsky's § 2255 motion without an evidentiary hearing.

    Respectfully submitted,

    SEAN P. COSTELLO
    UNITED STATES ATTORNEY

    By:

    */s/ Marjorie Vincent-Tripp*
    Marjorie Vincent-Tripp
    Assistant United States Attorney
    63 South Royal Street, Suite 600
    Mobile, Alabama 36602
    Telephone: (251) 441-5845
    Fax: (251) 441-5277

## **CERTIFICATE OF SERVICE**

      I certify that on January 23, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve any counsel of record. Further, a copy of the foregoing was mailed on this date to: Taras Hodivsky, Jr., Register No. 08493-003, FCI Talladega, PMB 1000, Talladega, AL 35160.

                                               */s/ Marjorie Vincent-Tripp*
                                               Marjorie Vincent-Tripp
                                               Assistant United States Attorney