CASE NUMBER:  19-14844

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

TARAS HODIVSKY, JR.,

APPELLANT,

V.

THE UNITED STATES OF AMERICA,

APPELLEE.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
CASE NO: 1:19-cr-00080-KD-B-1

---

BRIEF OF THE APPELLANT
TARAS HODIVSKY

---

WILLIAM K. BRADFORD
ATTORNEY FOR APPELLANT
160 St. Emanuel Street
Mobile, AL 36602
(251) 303-8800
wkb@bradfordladner.com

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| **TARAS HODIVSKY, JR.,** | § | |
| | § | |
| **APPELLANT,** | § | |
| | § | **Appeal # 19-14844** |
| **V.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **DEFENDANT.** | § | |

---

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

---

COMES NOW the Appellant, and in compliance with Fed. R. App. P. 26.1, 11th Cir. R. 26.1-1, and 11th Cir. R. 26.1-2(a), certifies that the following person may have an interest in the outcome of the above noted case:

1. Bivins, Hon. Sonja F. – U.S. Magistrate Judge;

2. Bradford, William K. – Counsel for Appellant;

3. Chappelear, Katherine – Assist. U. S. Attorney;

4. DuBose, Hon. Kristi K. – U. S. Chief District Judge;

5. Gray, Scott A. – Assist. U. S. Attorney;

6. Hodivsky, Taras Jr. – Appellant / Defendant

7. Moore, Richard W. – United States Attorney

8. Pylant, Michael A. – Trial Counsel for Appellant/Defendant;

i

9.   Stankoski, Daniel R. Jr. – Trial Counsel for Appellant/Defendant.

Respectfully Submitted,

***/s/ William K. Bradford***

William K. Bradford

Attorney for Appellant

wkb@bradfordladner.com

**OF COUNSEL:**

BRADFORD LADNER, LLP.

160 St. Emanuel Street

Mobile, AL 36602

251-303-8800

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Taras Hodivsky does not request oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**

**AND CORPORATE DISCLOSURE STATEMENT** .............................i

**STATEMENT REGARDING ORAL ARGUMENT** ...........................iii

**TABLE OF CONTENTS** .............................................. iv

**TABLE OF CITATIONS** ............................................. vi

**STATEMENT OF SUBJECT-MATTER AND** ............................... viii

**APPELLATE JURISDICTION** ....................................... viii

**STATEMENT OF THE ISSUES** ...................................... 1

**STATEMENT OF THE CASE** ........................................ 2

    *A.*   *Course of Proceedings and Disposition in The Court Below*.............................2

    *B.*   *Statement of Facts*.............................4

    *C.*   *Statement of the Standard or Scope of Review*.............................8

**SUMMARY OF THE ARGUMENT** .................................... 9

**ARGUMENT AND CITATION OF AUTHORITY** .......................... 11

    *I.*   *THE DISTRICT COURT ERRED IN NOT GRANTING HODIVSKY'S*

    *MOTION TO SUPPRESS*.............................11

*II.   THE APPEAL WAIVER DOES NOT PRECLUDE HODIVSKY'S APPEAL OF*

*THE DENIAL OF THIS SUPPRESSION MOTION* ............................................. *15*

**CONCLUSION** ............................................................................ **17**

**CERTIFICATE OF COMPLIANCE** .............................................. **18**

**CERTIFICATE OF SERVICE** ...................................................... **19**

# TABLE OF CITATIONS

**Cases**

United States v. Betancourt,

    734 F.2d 750 (11th Cir. 1984). ........................................................................ 12

United States v. Bushert,

    997 F.2d 1343 (11th Cir. 1993). ...................................................................... 15

United States v. Coleman,

    No. 1:18-CR-00484-ELR-JFK, 2020 U.S. Dist. LEXIS 87570, at 38

    (N.D. Ga. Jan. 14, 2020) ............................................................................... 12

Groh v. Ramirez,

    540 U.S. 551 (2004) ......................................................................................... 11

Illinois v. Gates,

    462 U.S. 213 , 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983) ................................ 12

United States v. Joseph,

    709 F.3d 1082 (11th Cir. 2013) ....................................................................... 11

United States v. Lebowitz,

    676 F.3d 1000 (11th Cir. 2012) ........................................................................ 8

Maryland v. Garrison,

    480 U.S. 79 (1987) ........................................................................................... 11

United States v. Oglesby,

No. 4:18- CR-0626, 2019 U.S. Dist. LEXIS 71238, at 8

(S.D. Tex. Apr. 26, 2019). ...................................................................... 11

Riley v. California,

573 U.S. 373 , 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014). ............................... 11

## Statutes

18 U.S.C.  1344 ......................................................................................... 2

18 U.S.C. § 3231 ....................................................................................... vi

42 U.S.C. § 32703(2) .................................................................................. 2

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

The District Court below had jurisdiction to hear the case based on 18 U.S.C. § 3231, which provides United States District Courts with original jurisdiction, exclusive of the courts of the States, to hear all offenses against the laws of the United States.  18 U.S.C. § 3231.

This Court has jurisdiction to hear the appeal in this case pursuant to 28 U.S.C. § 1291, which vests the United States Circuit Courts of Appeals with jurisdiction over appeals from all final decisions of the district courts of the United States.

This appeal is from the final judgment in United States v. Taras Hodivsky, 1:19-cr-00080-KD-B-1, in the United States District Court for the Southern District of Alabama, entered on October 9, 2019. (Doc. 72).

On November 20, 2019 the District Court received and docketed a motion requesting an extension of time to file a notice of appeal sent to the District Court by Hodivsky. (Doc. 77).  The motion was signed on November 6, 2019, and in his certificate of service, Hodivsky certifies that he placed the motion in the "prison's mail receptacle" on November 6, 2019. (Doc. 77; 79).  The District Court entered an order on December 4, 2019 finding that Hodivsky had shown good cause and excusable neglect for filing a notice of appeal beyond the 14-day time period.

Further, the District Court found grounds to construe the motion to extend the time to file the appeal as a notice of appeal.  Based on the findings of the District Court as set out in its order of December 4, 2019, Hodivsky timely filed this appeal. (Doc. 79).

## STATEMENT OF THE ISSUES

I.      WHETHER THE TRIAL COURT ERRED IN DENYING THE

APPELLANTS MOTION TO SUPPRESS EVIDENCE.


II.     WHETHER THE APPEAL WAIVER IN THE APPELLANT'S PLEA

AGREEMENT PRECLUDES REVIEW OF THE DENIAL OF THE

MOTION TO SUPPRESS

## STATEMENT OF THE CASE

**A.      Course of Proceedings and Disposition in The Court Below**

Hodivsky was originally charged in a criminal complaint filed on March 7,

2019 with violation of 18 U.S.C. § 2252A (a)(5)(B) – possession of child

pornography. (Doc.  1).  Hodivsky was subsequently indicted on March 28, 2019 in

a  one count indictment for violation of 18 U.S.C. § 2252A (a)(5)(B) – possession of

child pornography. (Doc.  18).

On April 24, 2019 Hodivsky was charged in a three count superseding

indictment which charged Hodivsky with violations of 18 U.S.C. § 2251(d) and 2

(Count One - advertising re: child pornography);   18 U.S.C. § 2252(a)(2) and (B)

and 2 (Count Two – distribution of child pornography); and 18 U.S.C. §

2252A(a)(5)(B) (Count Three – possession of child pornography). (Doc. 23).

a Hodivsky was Greene was indicted on October 29, 2018. (Doc. 1).  The

indictment charged Greene with 13 counts of odometer tampering in violation of

42 U.S.C. § 32703(2) and § 32709(b), and three counts of bank fraud in violation of

18 U.S.C.  1344. (Doc. 1).

On March 13, 2019 Hodivsky filed a motion to suppress evidence seized

from his cell phone by State law enforcement officers via a State court search

warrant. (Doc.  37).  The District Court conducted a hearing on the motion to

suppress on June 19, 2019. (Doc. 99).  The motion to suppress was denied on the record that day, and an order was entered on June 21, 2019. (Doc. 57).

On June 25, 2019 Hodivsky entered into a plea agreement with the Government, and it was filed along with a factual resume.  (Doc.  59; 60). Hodivsky agreed to plead guilty to Counts One and Three of the superseding indictment.

In particular, the plea agreement was pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and contained an agreement between Hodivsky and the Government that the sentence to be imposed in the case was to be a sentence of 30 years imprisonment, followed by lifetime supervised release. (Doc. 59, at 7).

The plea agreement also contained an appeal waiver which states that Hodivsky waived his:

> "right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceeding."

> (Doc. 59, at 11).

Hodivsky entered his guilty plea at a change of plea hearing on June 26, 2019. (Doc. 63).

Hodivsky was sentenced on September 27, 2019 to a term of imprisonment
of 360 months as to each of Counts One and Three, to run concurrently, 15 years
of supervised release, and ordered to pay restitution in the amount of $164,415.
(Doc. 100, at 9; Doc. 72).

## B.     Statement of Facts

On January 17, 2019, Summerville Alabama Police Department Investigator
John Gleaton attended a forensic interview at the Baldwin County Child Advocacy
Center involving a minor victim.  (Doc.  99, at 4-5).  The interview was the result of
a report by a mandatory reporter to personnel at the Alabama Department of
Human Resources (DHR) of suspected sexual abuse of the victim, a 7-year-old
female.

During the interview, the victim stated that Hodivsky, identified as a family
friend, had sexually abused the victim.  The victim stated that she had gone to a
car repair shop used by Hodivsky, and on those occasions the abuse occurred.
This shop was at a different location from Hodivsky's home. (Doc.  99, at 8).

Gleaton testified at the suppression hearing that the victim had stated that
Hodivsky  show her pictures of boys and girls on his phone.   Gleaton testified that
he inferred that what the victim meant was that the people in the videos were

4

involved in sexual activity.  On being questioned further about this assumption, he

testified that he was not sure of his conclusion because of the way the victim was

using mannerisms and explaining herself in the interview, it was very difficult to

interpret exactly what she meant by the statement. (Doc.  99, at 5-6).  Several times

during his testimony, Gleaton said that he had "inferred" that the video or pictures

shown to the victim were "pornography."  He did not specify whether the

"pornography" depicted adults or minors. (Doc.  99, at 9).  Gleaton testified that "it

was assumed" that the victim was talking about sexual activity in reference to the

pictures shown to her. (Doc. 99, at 6).

        After the interview, Gleaton obtained search warrants for a DNA swab from

Hodivsky, a search warrant for Hodivsky's cell phone, and two arrest warrants for

Hodivsky; for State charges of Rape 1st degree and Sexual Abuse.  Later, after

Hodivsky's phone was in the property room of the Summerdale Police, Gleaton

obtained a search warrant for its contents.  All in all, two warrants were requested

and issued in connection with the cell phone.  Gleaton's first application is dated

January 22, 2019.  This application sought a search warrant to seize, "digital

devices such as phones, computers, digital storage devices, such as sd cards or

micro sd cards that could contain pornographic images . . . ."  A search warrant

was issued by a Baldwin County Alabama District Court Judge.

The second warrant was dated January 30, 2019.  In the second application, Gleaton applied for a warrant to search "[t]he cell phone of Taras Hodivsky[,] Jr. containing stored electronic data . . . ." (Def.'s Ex. 3 at 1). This warrant was also issued by a Baldwin County Alabama District Court Judge.

The basis of the search and seizure of Hodivsky's cell phone was the statements of the victim during her January 17, 2019 interview where she related that Hodivsky had shown her pictures of boys and girls.  Gleaton testified at the suppression hearing that from this statement, he inferred that the pictures were of sexual activity and were therefore pornography.  Gleaton stated as much in the application for the second search warrant, where he stated that the victim had been "shown pornographic pictures or movies depicting sexual acts on [Hodivsky's] phone" and that the pictures she had been shown were on Hodivsky's cell phone.

According to Gleaton, the warrants for the cell phone were obtained in order to get evidence that would "either corroborate the victim's statement or possibly contain exculpatory evidence." (Doc. 99, at 13).  The reason listed on the search warrants for their issuance was to secure evidence of the crimes of rape first degree and sexual abuse.  The warrants do not mention any crimes regarding possession of child pornography.  (Doc. 99, at 13).  Gleaton admitted during the hearing that in his 30 years of law enforcement work he had never before obtained

6

a search or seizure warrant for the purposes of corroborating someone's statement. (Doc. 99, at 18).

Regardless of the level of evidence that Gleaton had at the time, he went ahead and obtained the arrest warrants the same day he obtained the search warrants.  Gleaton went to Hodivsky's residence and arrested Hodivsky. Hodivsky's residence is not at the same location as the car shop referenced by the victim.   (Doc. 99, at 23).  At the time he was arrested, Hodivsky's phone was on the kitchen counter.  (Doc. 99, at 23).   Gleaton noticed the phone, and the fact that Hodivsky's driver's license was in a pocket attached to the phone.  Gleaton told Hodivsky that he would need the license when he was booked that the jail. Gleaton picked up the cell phone and put it in Hodivsky's pocket. (Doc. 99, at 23-24).

The cell phone was put in the property room when Hodivsky was booked. Gleaton later obtained a separate warrant for the phone's contents, served it on the property room, and took the phone in order for forensics to do an analysis. (Doc. 99, at 30-31).

The phone was subsequently searched by the Foley Alabama Police Department via a digital extraction of the data contained on the phone.   The extraction yielded still images and video clips saved on the phone.  Among those images and videos were images depicting the sexual exploitation of children or pre-

7

pubescent aged children engaged in sexual acts or exposing their genitalia. (Doc. 99, at 103).

## C.     Statement of the Standard or Scope of Review

The issue regarding whether the District Court erred in denying Hodivsky's motion to suppress evidence seized via the execution of a search warrant is a review of the District Court's decision as to the existence of probable cause, and is reviewed de novo.  See United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012).

## SUMMARY OF THE ARGUMENT

The District Court erred by denying Hodivsky's motion to suppress the evidence obtained from his cell phone because the phone was illegally seized by Detective Gleaton based on a defective search warrant.

The search warrant purports to seek evidence of two discretely defined state law offenses; rape first degree and sexual abuse. The connection between the victims allegation of the rape and sexual abuse was her comment that Hodivsky had shown her images of boys and girls. The Detective assumed or inferred that this meant that the images were of people engaged in sexual activity; pornography. But this was a mental leap taken by Detective Gleaton, and was not the reported substance of the victim.

The search warrants for Hodivsky's cell phone did not purport to seek evidence of a crime related to pornographic images or child pornography. Instead, they explicitly listed rape and sexual abuse. Because of this, the images that Gleaton sought out from the cell phone were not evidence of the crimes her was investigating, were not instrumentalities of the crimes that had been reported by the victim, and therefore were not properly the subject of the search warrants.

In addition, the search warrants sought to obtain the phone from the location where the victim alleged that the rape took place, a location other than Hodivsky's residence. The phone was present when Gleaton went to Hodivsky's

residence to arrest him.  Gleaton picked up the phone, seizing it, and place it in Hodivsky's pocket.  The phone was taken into the properly room once Hodivsky was booked at the jail.  The search warrant did not authorize seizure of any objects from Hodivsky's home, only form the car shop where the alleged sexual acts took place.

Hodivsky faces a hurdle in seeking review of the suppression issue.  His plea agreement contains an appeal waiver.  But in this case, Hodivsky was not sufficiently questioned during his plea as to whether he was knowingly and voluntarily giving up his right to appeal the suppression issue.  The appeal waiver states that he will not challenge his guilty plea, conviction, or sentence.  The pretrial motion ruling is not specifically mentioned in the plea agreement and he was not specifically questioned about it in the plea.

## ARGUMENT AND CITATION OF AUTHORITY

## I.    THE DISTRICT COURT ERRED IN NOT GRANTING HODIVSKY'S MOTION TO SUPPRESS

The Fourth Amendment requires that search warrants issue only "upon probable cause, and particularly describing the place to be searched, and the persons or things to be seized.  U.S. Const. Amend. IV.  The Supreme Court has ruled that police are required to obtain a warrant before searching a cell phone seized incident to an individual's arrest. Riley v. California, 573 U.S. 373, 403, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014).  The particularity requirement of the search warrant requirement has the primary purpose of preventing general exploratory searches. See Maryland v. Garrison, 480 U.S. 79 (1987); Groh v. Ramirez, 540 U.S. 551 (2004).  like the probable cause requirement, the particularity requirement mandates that a nexus be established between the specific thing to be searched and the evidence for which law enforcement is looking.  United States v. Oglesby, No. 4:18- CR-0626, 2019 U.S. Dist. LEXIS 71238, at 8 (S.D. Tex. Apr. 26, 2019).

Further, the Fourth Amendment requires that there be an sufficient nexus between the charged offense and the property to be searched.  See United States v. Joseph, 709 F.3d 1082, 1100 (11th Cir. 2013).  In order for probable cause to exist, there must be reasonably trustworthy information that would warrant a man of

11

reasonable caution to believe that a crime was committed and that evidence of that crime is at the place to be searched.  See United States v. Betancourt, 734 F.2d 750, 754 (11th Cir. 1984).

In terms of the contents of a cell phone, the nexus requirement consists of a "fair probability" that the contents of the cellular telephone may contain evidence of the crime being alleged or investigated. See United States v. Coleman, No. 1:18-CR-00484-ELR-JFK, 2020 U.S. Dist. LEXIS 87570, at 38 (N.D. Ga. Jan. 14, 2020); See also, Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983) (requiring a fair probability that contraband or evidence of a crime will be found in a particular place to be searched).

The problem here is that the item sought, Hodivsky's cell phone, was being sought out for purposes other than that of gathering evidence of the crimes being investigated.

Gleaton's first application is dated January 22, 2019.  This application sought a search warrant to seize, "digital devices such as phones, computers, digital storage devices, such as sd cards or micro sd cards that could contain pornographic images . . . ."  A search warrant was issued by a Baldwin County Alabama District Court Judge.

The second warrant was dated January 30, 2019.  In the second application, Gleaton applied for a warrant to search "[t]he cell phone of Taras Hodivsky[,] Jr.

containing stored electronic data . . . ." (Def.'s Ex. 3 at 1). This warrant was also issued by a Baldwin County Alabama District Court Judge.

The basis of the search and seizure of Hodivsky's cell phone was the statements of the victim during her January 17, 2019 interview where she related that Hodivsky had shown her pictures of boys and girls. Gleaton testified at the suppression hearing that from this statement, he inferred that the pictures were of sexual activity and were therefore pornography. Gleaton stated as much in the application for the second search warrant, where he stated that the victim had been "shown pornographic pictures or movies depicting sexual acts on [Hodivsky's] phone" and that the pictures she had been shown were on Hodivsky's cell phone.

According to Gleaton, the warrants for the cell phone were obtained in order to get evidence that would "either corroborate the victim's statement or possibly contain exculpatory evidence." (Doc. 99, at 13). The reason listed on the search warrants for their issuance was to secure evidence of the crimes of rape first degree and sexual abuse. The warrants do not mention any crimes regarding possession of child pornography. (Doc. 99, at 13). Gleaton admitted during the hearing that in his 30 years of law enforcement work he had never before obtained a search or seizure warrant for the purposes of corroborating someone's statement. (Doc. 99, at 18).

13

The crimes being investigated by Gleaton were rape and sexual assault. Gleaton merely assumed that the images mentioned by the victim were sexual in nature and pornography.  The victim did not say as much, but Gleaton inferred this to reach his conclusions.  Gleaton represented his own inferences and assumptions in the search warrant application, thereby hinting that the victim had actually drawn the conclusion herself.

The reality was that there was simply no sufficient nexus linking any of the content in Hodivsky's cell phone to any of the criminal offenses described by the victim and under investigation by Gleaton.  As such there was insufficient probable cause to issue a search or seizure warrant for Hodivsky's cell phone.

It follows that when Gleaton seized the phone at Hodivsky's home and placed it in his pocket, knowing that the phone would be inventoried and put into police custody when Hodivsky was booked, this amounted to an illegal seizure of the phone.

## II.    THE APPEAL WAIVER DOES NOT PRECLUDE HODIVSKY'S APPEAL OF THE DENIAL OF THIS SUPPRESSION MOTION

The appeal waiver in Hodivsky's plea agreement does not preclude review of the search issue on appeal.

The plea agreement also contained an appeal waiver which states that Hodivsky waived his:

> "right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceeding."

(Doc. 59, at 11).

Appeal waivers in plea agreements are generally enforceable where they are knowing and voluntary waivers of the right to appeal.  See United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).  This Court in Bushert noted that the key to enforcing an appeal waiver is that the defendant knew he had the right to appeal and that he was giving up that right.  Bushert, 997 F.2d at 1350.

In this case, the plea agreement does not explicitly state that Hodivsky agrees not to appeal the ruling on the motion to suppress.  The plea agreement does specifically mention an appeal of the guilty plea, the conviction, and the sentence. But the ruling on the pretrial motion is not specifically mentioned.

During the plea, there is also no specific mention of an appeal of the denial of his pretrial motion, nor is there an explicit mention of the fact that he is giving up the right to appeal this particular ruling. At the plea, Hodivsky was specifically asked about giving up his right to appeal the "conviction and the sentence." (Doc. 63, at 7).  Further, Hodivsky was informed that the only way he could appeal was if he received ineffective assistance of counsel or if the District Court went above the statutory maximum. (Doc. 63, at 7).  This was not entirely correct.  The plea agreement also allowed for an appeal under other circumstances not mentioned by the District Court.  Moreover, the District Court does not specifically mention that Hodivsky was giving up his right to appeal the adverse ruling on the pretrial motion.

Because the waiver of the pretrial motion ruling was not specifically covered in ether the plea agreement or the plea colloquy, Hodivsky should not be precluded form asserting this issue on appeal.

**CONCLUSION**

Based on the foregoing argument and citation of authority, the Appellant prays that this Honorable Court will reverse his conviction, and remand this case to the District Court with instructions to grant the Appellants Motion to Suppress.

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P.  Rule 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f); this document contains 3119 words.

***/s/ William K. Bradford***

William K. Bradford (asb-6434-d63w)

Attorney for Appellant

**OF COUNSEL:**

BRADFORD LADNER, LLP.

160 St. Emanuel Street

Mobile, AL 36602

251-303-8800

wkb@bradfordladner.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the persons listed below via electronic filing through CM/ECF on ***July 9, 2020.***

United States Attorney

63 S. Royal Street, Room 600

Mobile, AL 36602

***/s/ William K. Bradford***

OF COUNSEL

19