IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )  Criminal Action No. 19-00080-KD-B |
| | ) |
| TARAS HODIVSKY, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (doc. 117), memorandum in support (doc. 117-1), and the United States' response (doc. 122).

Defendant Hodivsky raises four grounds in support of his motion. As to Ground Three, Hodivsky asserts that his "counsel was ineffective for allowing Mr. Hodivsky to plead guilty to count one of the indictment, when his criminal conduct did not arise to 'advertising', under 18 U.S.C. § 2251(d)(1), and failing to object during the entry of plea proceedings" (doc. 117, p. 7).

The Court questions the United States' position that Hodivsky waived his right to contest the factual basis for Count One in view of case law indicating that challenging the factual basis for a plea is not barred by an appeal waiver. See United States v. Puentes-Hurtado, 794 F.3d 1278, 1284–85 (11th Cir. 2015) ("[A]n appeal waiver does not bar a Rule 11 claim that there is an insufficient factual basis to support a guilty plea. See United States v. Hildenbrand, 527 F.3d 466, 474 (5th Cir.2008); United States v. Adams, 448 F.3d 492, 497–98 (2d Cir. 2006); United States v. Portillo–Cano, 192 F.3d 1246, 1250 (9th Cir.1999). Such a claim 'goes to the heart of whether [the] guilty plea, including the waiver of appeal, is enforceable.' Portillo–Cano, 192 F.3d at 1250.").

At the time Hodivsky was indicted, pleaded guilty, and was sentenced, Eleventh Circuit case law held that "'notice,' for purposes of § 2251(d)(1), [wa]s broad enough to include individually directed text messages" (i.e., "one-on-one communications"), and did not "require[] a public or group component…" United States v. Caniff (Caniff I), 916 F.3d 929, 935-36 (11th Cir. Feb. 15, 2019). However, Judge Newsom dissented in part in Caniff I as to the above-quoted holding, and on April 9, 2020, the Caniff I panel vacated its prior opinion and substituted United States v. Caniff (Caniff II), 955 F.3d 1183 (11th Cir. 2020) (per curiam), which agreed with Judge Newsom's dissent and held that neither the terms "advertisement" nor "notice" covered purely private, person-to-person text messages. See 955 F.3d at 1187-93. Caniff II was decided after Hodivsky was sentenced in October 2019, thus trial counsel would not have known of the change in controlling law. However, Caniff II was decided during the time Hodivsky's appeal was pending and before the appellate brief was filed, thus appellate counsel may have been ineffective for failing to raise the issue on appeal.

Accordingly, the **United States** shall, on or before **January 23, 2025**, file a **supplemental response** specifically addressing the issues noted above.

DONE and ORDERED this 9th day of January 2025.

                                                       /s / Kristi K. DuBose
                                                      **KRISTI K. DuBOSE**
                                                      **UNITED STATES DISTRICT JUDGE**